Owen BERTHELSEN, Appellant,

v.

Maurice KANE and Three D. Coal Company, Appellees.

Nos. 87–CA–2086–MR, 87–CA–2004–MR.

Court of Appeals of Kentucky.

Nov. 11, 1988.

Kurt J. Meier, Fort Thomas, for appellant.

Raymond J. Naber, Jr., Louisville, for appellees.

Before CLAYTON and WEST, JJ., and DUNN, Special Judge.

DUNN, Special Judge.

Berthelsen appeals from a Jefferson Circuit Court order sustaining non-residents Kane's and Three D. Coal Company's motion to dismiss them in Berthelsen's action in contract against them on the basis of lack of jurisdiction over both their persons and the subject matter. Service on them was completed pursuant to the "long-arm" statute, KRS 454.210. We set aside the order and remand. We confine this opinion to the facts and issues pertinent to this appeal.

In June of 1987, Berthelsen, a citizen of Nebraska, filed an action for breach of contract against Kane and Three D. Coal. Kane was a citizen of Michigan and Three D. Coal was incorporated in that state but had its principal place of business in Kentucky. The complaint alleged, in part, that on November 8, 1985, Berthelsen entered into an agreement with Kane to sell the following: twenty shares of Mountain Gas Company, a Kentucky corporation; his option to acquire shares in Mountain Exploration Company, another Kentucky corporation; and a promissory note and other debts and obligations issued to him by Mountain Gas Company. The complaint further alleged that after initial payments had been made, Kane refused to pay the installments due on June 1, 1986, and January 1, 1987. Berthelsen further alleged that a Kentucky lawyer, Joseph Cohen, a Kentucky resident, was Escrow Agent for the agreement.

Both Kane and Three D. Coal filed a motion to dismiss the action on the basis of lack of jurisdiction over their persons and over the subject matter. They maintained that the "minimum contacts" requirement between them and Kentucky, necessary for Kentucky courts to exercise personal jurisdiction over them as non-resident defendants under KRS 454.210, had not been met.

These jurisdictional defenses are among the seven permitted to be raised by motion as well as by answer pursuant to CR 12.02. In opting for "by motion" Kane and Three

D. Coal also chose the standards to be applied by the trial court in ruling on the motion. These include reading the challenged pleading as a whole and construing any reasonable favorable inference in favor of the plaintiff and to accept as true all material allegations in the complaint. Bertelsman & Philipps, *Kentucky Practice*, 4th Ed. Civil Rule 12.02, comment 11 (1984).

 In ruling on a motion to dismiss on jurisdictional grounds, the trial court, in addition to considering the material allegations in the complaint and construing them as true, is free to hear evidence regarding jurisdiction and to rule on that issue before trial, resolving factual disputes when necessary. *Bertelsman & Philipps, supra.*

 Here the material allegations in the complaint when construed as being true are sufficient to establish the "minimum contact" requirement between Kane and Three D. Coal in the transaction at hand with Kentucky for Kentucky courts to exercise personal jurisdiction over them under KRS 454.210.

No doubt the trial court in arriving at its decision considered and relied on Kane's, Three D. Coal's, and Berthelsen's affidavits in support of their conflicting factual contentions. The affidavits, however, rather than resolving the conflict of facts they contained, merely emphasized the ultimate conflict of fact that existed regarding "minimum contacts." An evidentiary hearing at which proof could be presented to resolve the affidavit conflicts should be had to enable the trial court to have an evidentiary basis for its resolution of the conflicts.

In dismissing this action the trial court either ignored the above standards or misapplied them. As a result, at worst it was in error for doing so and at best premature in the absence of an evidentiary hearing. This later defect can be cured by the trial court providing a hearing regarding the facts of "minimum contacts" and considering them under the criteria of *In Re Air Crash Disaster at Gander, Newfoundland,* 660 F.Supp. 1202 (W.D.Ky.1987), in resolving any factual dispute arising from such proof.

The Jefferson Circuit Court's order dismissing the complaint is set aside and this case is REMANDED for an evidentiary hearing as provided above.

All concur.